IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRIAN ENGRAM,

    Plaintiff,

v.                                                                                       No. 1:15-CV-00201-JCH/CG

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on Plaintiff Brian Engram's *Motion to Remand to Agency*, (Doc. 20), filed September 8, 2015, and *Memorandum in Support re 20 Motion to Remand to Agency* (together, the "Motion"), (Doc. 21), filed September 8, 2015; Defendant's *Response to Motion to Remand to Agency* (the "Response"), (Doc. 27), filed December 9, 2015; and Plaintiff's *Reply to Response to Motion to Remand to Agency* (the "Reply"), (Doc. 29), filed December 11, 2015. United States District Judge Judith C. Herrera referred this case to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition of the case. (Doc. 30).

On June 9, 2009, Brian Engram applied for Disabled Adult Child's Benefits ("DAC") under Title II of the Social Security Act ("SSA"). (Administrative Record "AR" 92-93). Mr. Engram alleged his disability began on August 31, 1994, three days before his twenty-second birthday. (AR 11). Mr. Engram's claim was initially denied on March 4, 2010, and again upon reconsideration on January 31, 2011. (AR 31-33). A request

for a hearing was filed, (AR 36), and a hearing was held on May 23, 2013 before Administrative Law Judge ("ALJ") Myriam C. Fernandez Rice. (AR 369-390). Mr. Engram and Karen N. Provine, an impartial vocational expert ("VE") testified at the hearing. *Id.* Mr. Engram was represented at the hearing by Gary Martone. (AR 370). The ALJ issued an unfavorable decision on September 26, 2013, finding that Mr. Engram was not disabled under 20 C.F.R. § 416.924 (a). (AR 11-15). Through counsel, Mr. Engram filed an application for review by the Appeals Council on October 21, 2013, (AR 7), which was denied on January 13, 2015, (AR 2-5), making the decision of ALJ Fernandez Rice the final decision of the Commissioner of the Social Security Administration ("Commissioner") for purposes of this appeal.

Mr. Engram argues that the ALJ committed reversible, legal error by failing to order a consultative examination ("CE") or medical expert opinion. (Doc. 21 at 1). Additionally, Mr. Engram asks that this Court remand the case based on "new and material evidence that contradicts the ALJ's findings." *Id.*

The Court has reviewed the Motion, the Response, the Reply, and relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. Because the ALJ was not required to order a CE, and because Mr. Engram does not show good cause as to why the new evidence was not introduced at the hearing or to the Appeals Council, the Court **RECOMMENDS** that the Motion be **DENIED**.

   I.   **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the

correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, not the Appeals Council's denial of review. 20 C.F.R. § 404.981; *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from

being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II. Applicable Law and Sequential Evaluation Process

DAC are based on the earning records of an insured person. 20 C.F.R. § 404.350(a). To be eligible for DAC, a claimant must be "18 years old or older and have a disability that began before [the claimant] became 22 years old . . ." *Id.* An individual establishes a disability if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In light of this definition for disability, a five-step sequential evaluation process has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At the first four steps of the sequential evaluation process, the claimant has the burden to show that: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) his impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If the ALJ determines the claimant cannot engage in past relevant work, she will proceed to step five of the evaluation process. At step five the burden of proof shifts to the Commissioner to show the claimant is able to perform other work in the national economy, considering his residual

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

Case 1:15-cv-00201-JCH-CG   Document 31   Filed 01/14/16   Page 5 of 14

functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1257.

### III. Background

In June 2009, Mr. Engram filed an application for DAC alleging that he was disabled before age twenty-two due to the medical impairments of attention deficit disorder, schizophrenia, depression, and paranoia. (AR 123). As proof of these medical impairments, Mr. Engram submitted medical records from the University of New Mexico ("UNM") Hospital from October 18, 2004 to July 15, 2011 (AR 276-367). These records show that Mr. Engram was diagnosed with Psychotic disorder NOS – probable paranoid schizophrenia. (AR 281, 283, 285, 288).

At step one, the ALJ determined that Mr. Engram was under the age of twenty-two years old on the alleged disability onset date, August 31, 1994, and he had not engaged in any substantial gainful activity. (AR 13). At step two, the ALJ found that before age twenty-two, Mr. Engram did not have any "medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." *Id*. Based on this finding, the ALJ stopped her analysis at step two and found that Mr. Engram could not show that he was disabled under the Act before his twenty-second birthday.

### IV. Analysis

Mr. Engram argues that the ALJ committed reversible, legal error by failing to order a CE or medical expert opinion. (Doc. 21 at 1). Additionally, Mr. Engram asks that this Court remand the case based on "new and material evidence that contradicts the ALJ's findings." *Id.*

The Commissioner responds that the ALJ was not required to order a CE and that it was within her discretion not to do so. (Doc. 27 at 2-3). Additionally, the Commissioner argues that Mr. Engram's new evidence is not material, and he cannot show good cause to warrant a remand. *Id.* at 5.

    A.  <u>De Minimus Standard at Step Two</u>

At the second step of the evaluation process, the ALJ must determine whether medical evidence shows an impairment or combination of impairments that is so severe that the claimant is unable to engage in any substantial gainful activity. Social Security Ruling ("SSR") 85-28, 1985 WL 56856 *3 (Jan. 1, 1985). A finding of "not severe" is made when the medical evidence "establishes only a slight abnormality . . . which would have not more than a minimal effect on an individual's ability to work . . ." *Id.* The showing at step two is characterized as "de minimus;" however, the mere presence of a condition is not sufficient to meet the step two standard. *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003) (citing *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997)); *see Bowen v. Yuckert*, 482 U.S. 137, 153 (1987) (step two designed to identify "at an early stage" claimants with such slight impairments that they would be unlikely to be found disabled even if age, education, and experience were considered). At step two, the ALJ considers the "effect" of the impairment in determining whether a severe impairment exists. 20 C.F.R. § 416.920(a). Determining whether an impairment is severe requires a "careful evaluation of the medical findings which describe the impairment[s] and an informed judgment about [their] limiting effects on the individual's physical and mental abilit[ies] to perform basic work activities . . ." SSR 85-28, 1985 WL 56856 *4.

### B. *Requirement to Order Consultative Examinations*

In a social security disability case, the claimant bears the burden to prove his disability. *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (citing *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997)). However, since disability hearings are nonadversarial, the ALJ has a duty "to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Id.* "Ordinarily, the claimant must in some fashion raise the issue sought to be developed which, on its face, must be substantial. Specifically, the claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists." *Id.* (quoting *Hawkins*, 113 F.3d at 1167). The ALJ then has the responsibility "to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Hawkins*, 113 F.3d at 1164 (quoting *Henrie v. United States Dep't of Health Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993) (citing *Heckler v. Campbell*, 461 U.S. 458, 471 n.1 (1982) (Brennan, J. concurring) (describing duty as one of inquiry, requiring the decision maker "to inform himself about facts relevant to his decision and to learn the claimant's own versions of those facts.")).

As the Tenth Circuit noted in *Hawkins*, the difficult issue is to "decide what quantum of evidence a claimant must establish of a disabling impairment or combination of impairments before the ALJ will be required to look further. [The Court] . . . acknowledge[s] that the Secretary has broad latitude in ordering consultative examinations." 113 F.3d at 1166 (citing *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir. 1990)). If there is a direct conflict in the medical evidence or the medical evidence in the record is inconclusive, a CE may be required. *Hawkins*, 113

7

F.3d at 1166 (citing 20 C.F.R. § 404.1519(b); *Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir. 1993)). Additionally, if the claimant shows that there is a "reasonable possibility" of an impairment, the ALJ has a duty to order a CE. *Id*. However, a claimant must present "some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation." *Hawkins*, 113 F.3d at 1167 (citing *Diaz*, 898 F.2d at 777 (refusing to remand for CE where claimant failed to present "objective evidence supporting the conclusion that he suffers from depression.")). Medical evidence must consist of "signs, symptoms, and laboratory findings, not only [claimaint's] statement of symptoms." 20 C.F.R. § 404.1508. "Isolated and unsupported comments by the claimant are insufficient, by themselves, to raise the suspicion of the existence of a nonexertional impairment." *Flaherty*, 515 F.3d at 1071 (quoting *Hawkins*, 113 F.3d at 1167). An ALJ is only required to order a CE when "the record establishes that such an examination is necessary to enable the [ALJ] to make the disability decision." *Torres v. Sec'y of U.S. Dep't of Health & Human Servs.*, 17 F.3d 1437 (10th Cir. 1994) (quoting *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989)).

    1.  *Mr. Engram's Medical Records*

Mr. Engram was unable to provide any medical records before age twenty-two. Although he testified that he was treated at Heights Psychiatric Hospital, Memorial Medical Center, and the UNM Mental Health Center, the former two hospitals closed and the latter lost records due to a fire. (AR 329-30, 368). Mr. Engram's only evidence is his own statements, which are inconclusive with regard to dates, a letter submitted by his mother, and medical records from UNM Hospital from 2004 to 2011, when Mr.

Engram was thirty-two years old.

To be eligible for DAC, Mr. Engram must show that he was disabled prior to turning twenty-two; however, Mr. Engram's evidence cannot clearly establish a date for the onset of his disability. The record reflects that, during a visit to the doctor on June 9, 2010, Mr. Engram stated that he had been at "UNMH PC" for six to seven months around age 23-24, "heights psyc." for six to seven months, and "Memorial Hosp." for approximately four months. (AR 290). During other visits to doctors, Mr. Engram reported problems with depression and paranoid schizophrenia as well as hospitalizations in the past, but did not give a date or age when he was hospitalized. (AR 281, 283, 285, 287, 305, 325). When testifying at his hearing, Mr. Engram could not definitively state when he was hospitalized, but guessed it was when he was "around 18." (AR 379). The Court finds that this is insufficient objective evidence to warrant further investigation.

Mr. Engram additionally argues that the ALJ should have considered the treatment notes from Mr. Engram's doctors visits between 2004 to 2011; however, all of the notes regarding past mental illness and hospitalizations were Mr. Engram's statements, not diagnoses. Additionally, Mr. Engram simply states that he had past troubles with depression and schizophrenia and had been hospitalized, but does not report a date as to the onset of these issues or the dates of his hospitalizations. Mr. Engram's mother provided a letter, but could only state that "he was put in the Heights Psychiatric Hospital in the late 80s or very early 90s for suicidal thoughts." (AR 261). Again, this evidence is not sufficiently definitive enough to suggest the existence of a condition which could have a material impact on the disability decision.

Here, since there was no medical evidence for the ALJ to evaluate, Mr. Engram could not show a direct conflict in the medical evidence that required resolution; medical evidence that was inconclusive; or even a "reasonable possibility" of an impairment during the critical time. Indeed, the record contains only unsupported comments by Mr. Engram and his mother regarding his condition, which is insufficient to require the ALJ to order a CE. Accordingly, the Court finds the ALJ was not required to do so. Mr. Engram did not present any objective evidence to show that he suffered from any type of mental impairment before he turned twenty-two years old. Although there is evidence in the record that Mr. Engram currently suffers from Psychotic disorder NOS, there is no evidence from the insured period; therefore, the ALJ's decision is supported by substantial evidence.

    *2. Retrospective Opinions*

Mr. Engram further argues that the ALJ erred in not ordering a CE because a retrospective diagnosis could supplement Mr. Engram's description of his symptoms in order to support a finding of disability. *Strumbaugh v. Astrue*, No. 09-CV-02435-CMA, 2011 WL 1344416, at *2 (D. Colo. Apr. 7, 2011) (unpublished) (citing *Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1348-49) (10th Cir. 1990)). However, "the relevant analysis is whether the claimant was actually disabled prior to the expiration of [his] insured status. A retrospective diagnosis without evidence of actual disability is insufficient." *Potter*, 905 F.2d at 1348-49. Even if a medical expert could diagnose Mr. Engram with a medical impairment, there is no evidence in the record to suggest that Mr. Engram was disabled prior to his twenty-second birthday. Although the Court recognizes many of Mr. Engram's records were lost through no fault of his own,

"disability is a medical determination. [The claimant] cannot establish a disability without some medical evidence as to his condition during the relevant period." *Flint v. Sullivan*, 743 F. Supp. 777, 782 (D. Kan. 1990) aff'd, 951 F.2d 264 (10th Cir. 1991). As a result, the AJL's decision to not order a CE was not in error.

### C. <u>Supplemental Social Security Income Disability Onset Date</u>

Mr. Engram argues that the ALJ mistakenly relied on a Supplemental Social Security Income ("SSI") disability onset determination to find that he was not disabled prior to his twenty-second birthday. Separate from this case, Mr. Engram receives SSI. In finding Mr. Engram disabled, and thus eligible to receive SSI, the Disability Determination Services ("DDS") established his disability onset date as March 1, 2000. (AR 23). The ALJ stated that DDS found this date to be "the most appropriate [disability] onset date" based on the available medical evidence. *Id.* at 15. Mr. Engram correctly states that for SSI claims, the date of disability onset is the date the claim is filed, not the date the claimant actually became disabled. (Doc. 21 at 10-11; 20 C.F.R. § 416.325).

Although this was error by the ALJ, the Court finds that the error was harmless. An ALJ's error may be considered harmless in exceptional circumstances, "where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative fact finder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 375 F.3d 1140, 1145 (10th Cir. 2004). It is clear from her opinion that the ALJ's decision is based on the lack of evidence in the record and not the disability onset date determined by DDS for Mr. Engram's SSI. Additionally, even without considering this faulty reasoning by the

ALJ, Mr. Engram still lacks the evidence to prove that he was disabled. Therefore, the Court finds that the ALJ conducted the appropriate analysis and substantial evidence in the record supported her conclusion, and that any error as to the disability onset date was harmless.

### D. *Remanding Based on New Evidence*

Mr. Engram finally argues that he has discovered new evidence that contradicts the ALJ's finding; therefore, remanding the case is appropriate. As an Exhibit to his Memorandum, Mr. Engram submits a Report of Confidential Social Security Benefit Information (the "Report") (Doc. 21 Ex. A). This Report shows that Mr. Engram "was entitled to two payments from the [SSI] program [ ] in 05/88 and 06/88 totaling $204.52. [Mr. Engram's] prior date of disability onset was 05/01/1988." *Id*. Mr. Engram argues that this new evidence shows that he was found disabled under SSI prior to his twenty-second birthday, which he argues is material to the ALJ's decision. *Id.* at 11. The Commissioner responds that the new evidence Mr. Engram submitted to the Court is not material because he was fifteen at the time of the disability decision and the SSA would have had to make an adult disability determination when he turned eighteen for Mr. Engram to maintain benefits. (Doc 27 at 5-6). Additionally, the Commissioner argues that Mr. Engram has not shown good cause as to why he did not submit this information at his earlier proceedings. *Id*. at 6.

Under 42 U.S.C. § 405(g), a court can "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." Evidence is material if "the

Secretary's decision might reasonably have been different had the [new] evidence been before [her] when [her] decision was rendered." *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010) (quoting *Cagle v. Califano*, 638 F.3d 219, 221 (10th Cir. 1981)).

It is arguable that this new evidence is material because DAC requires Mr. Engram to show that he was disabled before his twenty-second birthday as the Report states that Mr. Engram was found to be disabled at the age of fifteen. Even if the evidence is material; however, Mr. Engram must show both materiality <u>and</u> "good cause" for failing to submit this evidence during the administrative proceedings. The Report itself was dated December 19, 2012, well before the hearing, held on May 23, 2013, (AR 11), and the review by the Appeals Council, which was requested on October 21, 2013. (AR 7). The only reason given for not submitting the Report prior to the filing of the District Court case was that Mr. Engram "did not locate" the Report. (Doc. 21 at 11). "[W]hen the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored." *Wilson*, 603 F.3d at 1149 (quoting *Hawkins*, 113 F.3d at 1167). The Court finds that a failure to locate the report is not good cause for failing to present the evidence to the Appeals Counsil. Therefore, the evidence presented does not require remand to the Commissioner

### V.     Conclusion

For the foregoing reasons, the Court concludes that there was insufficient objective evidence to order a CE, the ALJ conducted the appropriate analysis and

substantial evidence supported her conclusion, and Mr. Engram did not show good cause for the new evidence that would require a remand to the Commissioner.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's *Motion to Remand to Agency*, (Doc. 20), filed September 8, 2015, be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE