**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BRIAN ENGRAM,

      Plaintiff,

v.                                                                                    No. 1:15-CV-00201-JCH/CG

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDING AND
RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen

E. Garza's *Proposed Findings and Recommended Disposition* ("PFRD"), (Doc. 31), filed

January 14, 2016. The PFRD recommended that Plaintiff's *Motion to Remand to*

*Agency*, (Doc. 20), and *Memorandum in Support re 20 Motion to Remand to Agency*,

(Doc. 21), be denied.

      The parties were notified that written objections to the PFRD were due within 14

days, and that failure to object would preclude appellate review. (Doc. 31 at 14). Plaintiff

timely filed *Objections to the Proposed Findings and Recommended Disposition by the*

*Magistrate Judge* (the "Objections"), (Doc 21), on February 1, 2016; the Commissioner

of the Social Security Administration (the "Commissioner") filed a *Response to Plaintiff's*

*Objections to the Report and Recommendation of the Magistrate Judge* (the

"Response"), (Doc. 33), on February 12, 2016. After a *de novo* review of the record and

the PFRD, the Court adopts Judge Garza's PFRD in its entirety.

    **I.**   **Background**

      On June 9, 2009, Brian Engram filed an application for Disabled Adult Child's

Benefits ("DAC"), alleging disability beginning on August 31, 1994. Mr. Engram's claim was initially denied, and again upon reconsideration. A request for a hearing was filed, and a hearing was held before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision. Mr. Engram then filed an application for review by the Appeals Court, which was summarily denied.

Subsequently, Mr. Engram appealed the ALJ's decision to this Court. Mr. Engram argued that the ALJ committed reversible, legal error by failing to order a consultative examination ("CE") or medical expert opinion. (Doc. 21 at 1). Mr. Engram additionally asked the Court to remand the case based on new evidence he presented to the Court. *Id.* This Court referred the case to United States Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (Doc. 30). Judge Garza found that the ALJ did not err in concluding not to order a CE and that Mr. Engram did not show good cause in order to warrant a remand of the case. (Doc. 31).

## II.     Objections

### A.  *Law Relating to Objections*

Once a magistrate judge files her recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. FED. R. CIV. P. 72(b)(2). An objection must be both timely and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Additionally, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (internal citations omitted).

In resolving objections to a magistrate judge's recommendations, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). In reviewing the recommendation, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

### B.  *Mr. Engram's Objections to the PFRD*

In the PFRD, Judge Garza found that the ALJ's decision not to order a CE was supported by substantial evidence because Mr. Engram did not have any medical evidence from the applicable time period, before age twenty-two. Additionally, Judge Garza determined that a remand was not appropriate in this case because Mr. Engram did not show good cause for failing to present available evidence to the ALJ or the Appeals Council.

Mirroring his original arguments, Mr. Engram objects, and argues that this Court should not adopt Judge Garza's PFRD. Specifically, Mr. Engram states that Judge Garza erroneously rejected Mr. Engram's argument that the ALJ should have ordered a CE and that the new evidence Mr. Engram presented to the Court is both material and contradicts the ALJ's findings.

In response, the Commissioner states that a CE would require a physician to make a retrospective diagnosis without any medical records from the relevant time period, and thus would not be worthwhile. The Commissioner also maintains that Mr. Engram both failed to show good cause for not submitting his new evidence at an

earlier hearing and that the new evidence does not establish disability for purposes of DAC.

### 1. The ALJ's Decision not to Order a CE

With regard to the ALJ's decision not to order a CE, Judge Garza found that the medical record submitted by Mr. Engram did not contain enough objective evidence to warrant a CE. Due to the paucity of medical evidence, Judge Garza concluded that the ALJ did not err in declining to order a CE.

In his Objections, Mr. Engram argues that the ALJ should have ordered a CE because "the record does not contain adequate information to make an informed decision regarding the onset of [his] disabling mental impairments[,]" and thus a CE is needed to make this determination. (Doc. 32 at 2). Mr. Engram contends that there is, however, enough evidence in the form of statements in treatment notes from his current doctors and statements from Mr. Engram and his mother to show that Mr. Engram was under a severe mental impairment before the age of age twenty-two. *Id.*

The Commissioner responds that a retrospective diagnosis would require a doctor to speculate as to Mr. Engram's mental health at age twenty-two, given that there are no medical records from the time period. (Doc. 22 at 1). The Commissioner emphasizes that a retrospective diagnosis would require a doctor to determine Mr. Engram's mental health over nineteen years ago. *Id.*

As Judge Garza explained in the PFRD, for a CE to be appropriate, a claimant must first show "some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997) (citing *Diaz v.*

*Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990)). Objective

evidence includes medical evidence, which consists of "signs, symptoms, and

laboratory findings, not only [claimant's] statement of symptoms." 20 C.F.R. § 404.1508.

"Isolated and unsupported comments by the claimant are insufficient, by themselves, to

raise the suspicion of the existence of a nonexertional impairment." *Flaherty v. Astrue*,

515 F.3d 1067, 1071 (10th Cir. 1997) (quoting *Hawkins*, 113 F.3d at 1167).

As Judge Garza observed in the PFRD, the evidence that Mr. Engram presented to

the ALJ consisted of (1) medical records from UNM Hospital from 2004 to 2011, when

Mr. Engram was between thirty-two and thirty-nine years old; (2) Mr. Engram's own

statements, in which he gave inconsistent dates with regard to his mental health

treatment; and (3) a letter from Mr. Engram's mother. Mr. Engram's childhood medical

records were inaccessible due to two hospitals that closed and a fire that destroyed

records from a third. As a result, the only remaining evidence is the statements from Mr.

Engram and his mother, which are not objective evidence. Any reference to his past

mental health found in the treatment notes of his current doctors are subjective

statements made by Mr. Engram to his doctors. Thus, Judge Garza found that there

was insufficient objective evidence to order a CE. This Court agrees with Judge Garza's

finding that the ALJ did not err in deciding not to order a CE.

### 2.  Retrospective Diagnosis

Additionally, Judge Garza found that a retrospective diagnosis would be

inappropriate in this case given the lack of medical information from the applicable time

period, before Mr. Engram turned twenty-two. Again, Judge Garza concluded it was not

an error for the ALJ to determine that a CE was unnecessary.

Mr. Engram argues that Judge Garza's opinion is contrary to the holdings of the Tenth Circuit. Mr. Engram states that "the Tenth Circuit has acknowledged that 'a retrospective diagnosis supplemented by a credible description of the claimant's symptoms during the time period the claimant was insured is adequate to support a finding of disability.'" (Doc. 32 at 3) (quoting *Stumbaugh v. Astrue*, No. 09-cv-02435-CMA, 211 WL 1344416 at *2 (D. Colo. Apr. 7, 2011) (unpublished) (citing *Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1348-49 (10th Cir. 1990))). The Commissioner also cites to *Potter* for the notion that "[w]hile in some cases a retrospective diagnosis can be helpful, that is not the case when the doctor would be merely speculating, making a retrospective diagnosis without the assistance of contemporaneous medical records." (Doc. 33 at 1) (citing *Potter*, 905 F.2d at 1348-49).

Although Mr. Engram quotes from a District of Colorado case, the interpretation of *Potter* is not accurate. In *Potter*, the claimant submitted three retrospective diagnoses in which the physicians related symptoms the claimant experienced during her past insured years to her current diagnosis. Given that "[n]one of the reports identif[ied] a *disability* as of the [date of last insurance]," the Court found that these reports were not sufficient, stating that "the relevant analysis is whether the claimant was actually disabled prior to the expiration of her insured status. A retrospective diagnosis without evidence of actual disability is insufficient." 905 F.2d at 1348-49 (emphasis in original).

A retrospective analysis could not identify a disability before Mr. Engram's twenty-second birthday due to his lack of medical records. As the transcript from the hearing and Mr. Engram's own statements to his doctors indicates, he is also unable to report with any clarity the timing of his symptoms or medical interventions with regard to

6

his mental impairments or to corroborate this information. Even if the ALJ ordered a CE, a "retrospective diagnosis and subjective testimony can be used to diagnose a physical or mental condition, [however] this type of evidence alone cannot justify an award of benefits[,]" and Mr. Engram cannot produce any other evidence. *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991). Therefore, the Court agrees with Judge Garza's conclusion that the ALJ did not err in failing to order a CE.

### 3.  *Supplemental Social Security Income Disability Onset Date*

Separate from this case, Mr. Engram filed for and received supplemental security income ("SSI"); however, the file for the application was lost by the Social Security Administration ("SSA"). In her opinion, the ALJ stated "that in processing the application finding the claimant disabled as of March 1, 2000, the Disability Determination Services had access to the available medical evidence at that time and found the most appropriate onset date." (Doc. 14-1 at 17). This statement is inaccurate, because according to SSA's Program Operations Manual System ("POMS") "the earliest possible [established onset date] in a [SSI] claim is the application filing date or protective filing date." SOCIAL SEC. ADMIN., POMS DI 25501.370, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0425501370. Although Judge Garza found this to be an error by the ALJ, she determined that it was a harmless error, because the ALJ also based her decision on the lack of evidence in the record.

Mr. Engram argues that since the ALJ mentioned this fact, it was part of her reasoning in determining Mr. Engram's DAC eligibility. Mr. Engram contends that this could not have been a harmless error. The Commissioner does not address this argument.

The Tenth Circuit has recognized that "[i]n conducting our review, we should, indeed must, exercise common sense." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). An error is harmless "where based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative fact finder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 375 F.3d 1140, 1145 (10th Cir. 2004).

Here, even if the ALJ had not mentioned the SSI disability onset date, no reasonable fact finder could have found Mr. Engram was disabled before he was twenty-two based on the lack of medical evidence in the file. Because the evidence in the case does not support a finding of disability, we agree with Judge Garza in finding it appropriate to find harmless error to avoid a futile remand. *Alvey v. Colvin*, No. 12-5200, 536 Fed. Appx. 792, 794 (10th Cir. Aug. 28, 2013) (unpublished).

### 4. Remand for New Evidence

Finally, Judge Garza found that because Mr. Engram did not meet the good cause prong of 42 U.S.C. § 405(g), the Court could not remand the case back to the Commissioner for further proceedings based on new evidence. Judge Garza determined that Mr. Engram had not shown good cause why he had not presented his new evidence to the ALJ or the Appeals Council.

Mr. Engram continues to argue that the new evidence he presented to the Court is material. Mr. Engram also states that Judge Garza disregarded the fact that the evidence was "in the constructive possession of the Commissioner," and "the fault of [the] omission rests on the Commissioner and not on [Mr.] Engram." (Doc. 32 at 5).

The Commissioner argues that Mr. Engram has not shown good cause why he did not submit the evidence earlier. The Commissioner also states that since the new evidence shows an SSI payment to Mr. Engram when he was sixteen years old and SSA would have reevaluated him at eighteen, the evidence is not relevant for DAC benefits.

A court may remand for the Commissioner to evaluate new evidence; however, the evidence must be material and the claimant must show "that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g). While the evidence was arguably material, Judge Garza found that Mr. Engram had not shown good cause why he had not presented the evidence at a prior hearing. The report Mr. Engram submitted to the Court was dated December 19, 2012. Mr. Engram's hearing before the ALJ took place on May 23, 2013 and review by the Appeals Council was denied on January 13, 2015. Mr. Engram's reason for not submitting the evidence in the years between acquiring the report and the Appeals Council denial was that he could not locate the evidence. Mr. Engram fails to show why he could not re-request the evidence and submit it to the ALJ or Appeals Council. Holding evidence and allowing a claimant "to present [the evidence] to the district court in the first instance would seriously undermine the regularity of the agency process and is not allowed." *Wilson v. Astrue*, 602 F.3d 1136, 1149 (10th Cir. 2010) (citing *Bradley v. Califano*, 573 F.2d 28, 30 (10th Cir. 1978)). The Court agrees with Judge Garza, that a failure to locate the evidence, without more, does not constitute good cause for remanding the case back to the Commissioner.

As to the argument that the Commissioner was in possession of the evidence, the Court notes that "the party seeking remand bears the burden of showing that a remand is proper under Section 405." *Rhodes v. Barnhart*, No. 09-7125, 117 Fed. Appx. 622, 626 (10th Cir. Sept. 7, 2004) (unpublished) (quoting *Sizemore v. Sec'y of Health& Human Servs.*, 865 F.2d 709, 712 (6th Cir. 1988)). Although disability hearings are nonadversarial, the claimant has the burden to prove their case. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citing *Hill v. Suillivan*, 924 F.2d 972, 974 (10th Cir. 1991)). This is especially true when the claimant is represented at the hearing, as was the case with Mr. Engram. *Id.* at 1167. "In a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development." *Id.* It is up to Mr. Engram to present his case, not the Commissioner.

### III.   Conclusion

For the reasons stated above, the Court will **ADOPT** the Magistrate Judge's recommendations in the PFRD. **IT IS THEREFORE ORDERED** that Mr. Engram's *Motion to Remand to Agency*, (Doc. 20), and *Memorandum in Support re 20 Motion to Remand to Agency*, (Doc. 21), is **DENIED** and that this cause of action is **DISMISSED WITH PREJUDICE**.

_____
THE HONORABLE JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE